ESTES HOWE *vs.* HENRY A. SNOW & another.

A stockholder of an insolvent corporation, who has been compelled to pay debts of the corporation subsequently to the commencement of the proceedings in insolvency, cannot avail himself of the amount so paid by him in defence of an action by the assignee of the corporation against him to recover a debt due to the corporation from him.

In an action by the assignee of an insolvent corporation to recover a debt, the defendant is not entitled to set off a claim due from the corporation to a firm of which he is a member.

CONTRACT brought by the assignee of the Somerville Dyeing and Bleaching Company, an insolvent corporation, against the maker and indorser of two promissory notes of $17,500 each,

dated October 6, 1857, signed by Henry A. Snow, payable in one year from date to the order of James Lee, Jr., and by him indorsed, waiving demand and notice, to the corporation.

It was agreed in this court, so far as the facts would be competent, that both of the defendants were at the time when the notes were given, and ever since have been, stockholders of the corporation ; that the notes were given for property of the corporation which was perishable in its nature, and was sold for that reason, with a view to save loss to all parties interested ; that the corporation, which was in fact insolvent at the time when the notes were given, and known by both of the defendants to be so, went into insolvency before their maturity ; that at the first meeting of creditors the firm of James Lee & Company, of which the defendant Lee is a partner, proved a claim of more than $6000, and have received a dividend of fourteen *per cent.* thereon ; and that the defendants have been held liable as stockholders in a suit brought against the corporation, and the execution which issued therein was satisfied out of the property of the defendant Lee, and that other similar suits are now pending, and the amounts sought to be recovered therein exceed the amounts due upon the notes declared on.

The case was submitted for the determination of this court, whether on these facts the defendants are entitled to a continuance until the suits referred to shall be decided, and whether the defendants are entitled to have the amounts due to the firm of James Lee & Co. deducted from the amounts due upon the notes in suit.

*G. S. Hillard & F. V. Balch,* for the plaintiff. If this sale had been made to persons not stockholders, the proceeds would have been assets in the hands of the assignee. Shall creditors find themselves in a worse position, by reason of a sale to stockholders ? The other stockholders have a right to demand that the proceeds of these notes shall be applied to reduce the debts of the corporation. To grant the request of the defendants would indefinitely postpone the settlement of the estate. *Ex parte Twogood,* 11 Ves. 517. If Lee were allowed to deduct the amount paid by him from his debt to the corporation, it

would allow him to create a preference for himself by a purchase of property, the proceeds of which would otherwise go to the creditors. *Smith* v. *Hill*, 8 Gray, 572. And it may well be doubted whether such a payment, if made before the first publication, could be proved as a debt. Gen. Sts. *c.* 60, § 35; *c.* 118, § 115. It is clear that it could not, if made after the first publication. *Sampson* v. *Clark*, 2 Cush. 173. *Mann* v. *Houghton*, 7 Cush. 592. *Morton* v. *Richards*, 13 Gray, 15. *Staines* v. *Planck*, 8 T. R. 386. *Goddard* v. *Vanderheyden*, 3 Wils. 262. The debts due to the firm of James Lee & Co. cannot be set off in this action. *Williams* v. *Brimhall*, 13 Gray, 462, and cases there cited.

*E. F. Hodges*, for the defendants. The amount of the property of the defendant Lee taken in satisfaction of the execution is a proper subject of allowance in this suit ; and so also are the amounts which may be taken hereafter, on the executions which may be recovered in the suits now pending. The rights and interests of the parties cannot be decided and adjusted in an action at law ; and this case should be continued until their rights can be adjusted in a cause now pending in equity. As a member of the firm of James Lee & Co., Lee owns one half of the balance due to that firm by the corporation, and this is a fair subject of equitable set-off. *Williams* v. *Davies*, 2 Sim. 461. *Tucker* v. *Oxley*, 5 Cranch, 34. *Blake* v. *Langdon*, 19 Verm. 485. *Bradley* v. *Millar*, 1 Rose, 273. *Ex parte Hanson*, 18 Ves. 232. *Vulliamy* v. *Noble*, 3 Meriv. 618.

BIGELOW, C. J. The agreed statement of facts sets out no defence to this action. The defendants have no claims against the corporation which they are entitled to file in set-off. There has been no mutual credit given by the corporation and either of the defendants, nor are there any mutual debts between them which can be allowed in set-off under the provisions of Gen. Sts. *c.* 130, §§ 1–8. This is an action at law, in which demands which might constitute an equitable set-off cannot be allowed.

The corporation being insolvent, the assignee is bound to collect all its assets to be distributed among its creditors. Stockholders who have been compelled to pay debts of the corporation

10 *

subsequently to the commencement of proceedings in insolvency have no equitable claim to ask that such payments should be set off against debts due from them to the corporation. Such payments cannot be proved as debts. *A fortiori,* they cannot be the subject of a set-off, the effect of which would be in many cases to give a preference to them as debts over claims held by creditors of the corporation prior to its insolvency. There is therefore no good reason for the further continuance of the present action.      -      *Judgment for the plaintiff.*